**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MARVIN O. STEWART** | ] | |
| **Plaintiff,** | ] | |
| | ] | **No.** |
| **v.** | ] | **(No. 3:14-mc-0185)** |
| | ] | **Judge Sharp** |
| **CORRECTIONS CORPORATION OF** | ] | |
| **AMERICA, et al.** | ] | |
| **Defendants.** | ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America; the Medical Department at MDCDF; Dr. Bridges, a physician at MDCDF; and two MDCDF guards; seeking injunctive relief and damages.

The plaintiff suffers from a bladder disorder for which he takes prescribed medication. On January 16, 2014, he met with Dr. Bridges to discuss the side effects of this medication. That same day, the plaintiff was issued a disciplinary report charging him with disorderly conduct.

The charge was later resolved in the plaintiff's favor. He alleges, however, that his right to privacy as guaranteed by HIPAA was violated "when they issued a CCA inmate resident a disciplinary report that described the side effect, that was sexual in nature,

thus breaking a sacred oath of doctor, patient privilege".[1]

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The notion of privacy is contrary to the act of incarceration. Nevertheless, a prisoner does retain the right to some modicum of privacy where the privacy does not impede the legitimate state interests of safety and security. Kent v. Johnson, 821 F.2d 1220, 1226 (6th Cir.1987)(there is a fundamental right to be free from forced exposure of one's person to strangers of the opposite sex).

The Constitution does not encompass a general right to non-disclosure of private information. Doe v. Wigginton, 21 F.3d 733 (6th Cir.1994). HIPAA was enacted to provide standards for the protection of individual health information. It does not, however, provide for either an express or implied private right of action. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078,1081 (9th Cir.2007). HIPAA enforcement actions fall exclusively within the purview of the Department of Health and Human Services. *See 42* 42 U.S.C. § 300gg-22(a). Thus, plaintiff's claim of a privacy violation based upon HIPAA is not actionable under § 1983.

When the plaintiff has failed to state a claim, the Court is

---

[1] HIPAA is an anagram for the Health Insurance Portability and Accountability Act.

obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge